Matter of Damien W.C. v Melissa S. (2025 NY Slip Op 05295)

Matter of Damien W.C. v Melissa S.

2025 NY Slip Op 05295

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Docket No. V-19906/18 V-19907/18|Appeal No. 4805|Case No. 2024-06288|

[*1]In the Matter of a Damien W. C., Petitioner-Appellant,
v
Melissa S., Respondent-Respondent. 

Anne Reiniger, New York, for appellant.
Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the children.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about October 7, 2024, which, to the extent appealed from as limited by the briefs, denied petitioner father's request for unsupervised overnight visitation with the two subject children, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for Family Court's determination that overnight visitation with the father would not be in the children's best interest and it should not be disturbed (see Matter of Michael J.M. v Antoinette T., 173 AD3d 598 [1st Dept 2019]; Matter of D.P. v N.T., 183 AD3d 447, 447 [1st Dept 2020], lv denied 35 NY3d 1078 [2020]).
The record supports Family Court's determination that the children having overnight visitation with the father would have a negative impact on their emotional well-being (see Matter of Craig S. v Donna S., 101 AD3d 505 [1st Dept 2012], lv denied 20 NY3d 862 [2013], cert denied 571 US 1098 [2013]). The father testified at the fact-finding hearing that the paternal grandmother's two-bedroom apartment where he was living was small, and he had commissioned custom bunk beds (as standard sized children's bunkbeds would be too large for the bedroom) so that the two children could sleep in his bedroom, while he would sleep on his bedroom floor when they visited. The mother testified that the older child, who has special needs, began regressing when the overnights with the father had previously occurred, and the child became depressed, angry, did not want to communicate at home, and showed a lack of interest in school. The mother further testified that she was worried that her daughter, the younger child, would not have enough privacy.
Family Court properly considered the testimony of the children, taken in-camera, and the stated position of the attorney for the children, and while the expressed wishes of the children are not determinative in this visitation proceeding, Family Court was entitled to give weight to their wishes based on their demonstrated maturity during their in-camera interviews (see Matter of D.P., 183 AD3d at 448; Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
Given that the evidence at the fact-finding hearing established that the father's housing arrangement was not suitable to accommodate overnight visitation with the children, Family Court's determination that it was in the children's best interest to grant the father expanded day visitation with the children, but not overnight visitation, is supported by a sound and substantial basis in the record and should not be disturbed (see Matter of Tyra H. v Tariq M., 231 AD3d 595, 596 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025